## J. B. Wolfe v. Houston Land and Irrigation Company.

### Decided December 3, 1906.

**Landlord—Creditor—Marshalling Assets.**

A landlord (a corporation) leased certain premises for a portion of the crop of rice to be raised thereon; when the crop was gathered the landlord's portion of the crop for rent was delivered to it, but an indebtedness due it for advances and supplies was not paid; a third party, claiming that the father of the tenant was the real owner of the crop, levied on a portion of the remainder of it to satisfy a judgment against the father, and duly notified the landlord; the tenant's portion of the crop, exclusive of that levied on, was amply sufficient to pay the landlord's claim for advances and supplies, but the landlord took no steps to collect its claim until after the tenant had disposed of all of the crop left in his hands, when the landlord sought to enjoin the creditor from selling the portion of the crop seized by him on the ground that its landlord's lien for advances and supplies was superior to the creditor's claim and levy. Held, the doctrine of marshalling assets would apply, and under the foregoing facts the creditor would have the better right to that portion of the crop seized by him, provided it was shown to be the property of his debtor.

Appeal from the County Court of Harris County. Tried below before Hon. Blake Dupree.

*A. E. Amerman,* for appellant.—Where a landlord has a lien upon an entire crop, and a judgment creditor has an execution lien upon a part of the crop, it becomes the duty of the landlord, as soon as he has notice of said execution, to make his debt out of the balance of the crop before proceeding upon the doubly charged portion, provided same can be done without serious delay or inconvenience, and the court should have so charged. Wahrmund v. Edgewood Distilling Co., 32 S. W. Rep., 227; Ohio Cultivator Co. v. People's Nat. Bank, 22 Texas Civ. App., 655.

*L. B. Moody,* for appellee.

GILL, Chief Justice.—The Houston Land and Irrigation Company leased to R. B. Banta certain rice lands for the year 19—, the rent being payable with part of the crop raised, the company to have a landlord's lien upon the remainder to secure the payment for such supplies and advances as the company might make during the year. The crop was made and threshed and the company's share for rent was duly delivered to it.

J. B. Wolfe, who had a personal judgment against R. W. Banta, the father of R. B. Banta, had an execution levied upon 121 sacks of the rice which remained after the company had received its share for rent. At the time of the levy there remained on hand over and above what had been paid for rent between five hundred and one thousand sacks, worth about $3.00 per sack. Upon all of this the company had a lien for

advances which amounted to $459.28. At the time of the levy the company was notified of it and of the nature of Wolfe's claim and knew that in addition to the 121 sacks levied on there was ample rice still in the hands of the lessee out of which it could easily have made its claim. It thereafter permitted all the rice to be disposed of except the 121 sacks and has brought this suit to enjoin the sale of the 121 sacks on the ground that its lien for $459.28 is superior to any claim which Wolfe may have.

Wolfe levied on and seeks to hold the 121 sacks as against R. B. Banta on the ground that R. W. Banta, his father, is the real owner. He seeks to hold the rice against the company on the theory that after notice of his claim the company should have made its claim out of the remainder of the rice in the hands of the lessee, and having failed to do so has lost its right to the 121 sacks by force of the doctrine which permits Wolfe to force the company back on a fund which though covered by the company's lien is not covered by Wolfe's. The latter invokes his right to have the securities marshaled.

The trial court excluded all evidence tending to show that R. W. Banta was the actual owner of the rice crop raised by his son, and rendered judgment in favor of the company. He seems to have proceeded upon the theory that the doctrine invoked did not apply. It is obviously true that the company's rights as landlord are no greater because R. B. Banta is the lessee and owner on the face of the lease. and Wolfe's judgment is against R. W. Banta. Manifestly Wolfe had the right to seek out the interest of R. W. Banta and sell it for his debt, subject to the landlord's right to fairly enforce his lien against R. B. Banta. As we are of opinion that all the evidence offered by Wolfe on the issue of ownership was material upon that issue, the only question to be determined is whether upon the proof of ownership in R. W. Banta and the other necessary allegations Wolfe was entitled to hold the 121 sacks for the satisfaction of his judgment as against the admitted lien of the company.

We have been able to perceive no reason why the doctrine of marshalling assets should not apply to the situation here presented. The company had a lien upon nearly 600 sacks of rice to secure its claim for $459.28. The rice was still in the hands of its lessee. Wolfe notified the company of the nature of his claim and segregated the 121 sacks by the levy. Thereupon there arose in his favor a lien upon the 121 sacks and he had no claim upon the other. A levy upon the entire crop would have been excessive. The company having full notice, Wolfe had the right to expect that it would make its claim out of the singly charged fund, leaving the doubly charged fund to the satisfaction of Wolfe's judgment. It is laid down broadly in 19 Ency. of Law, p. 1262, that the right is not affected by the nature of the property, and in effect at p. 1259 that the nature of the liens are immaterial. The rule applies wherever a paramount creditor can resort to two funds, to only one of which the junior creditor can resort. 6 Pomeroy's Equity, sec. 865. The only modification of the rule that could possibly be applicable here is that the paramount creditor shall not be inconvenienced. 6 Pomeroy, sec. 866. And the evidence does not suggest that such a conse-

quence could have followed had the company pursued its remedy against the rice not levied on.

The broad rule under which the junior creditor is protected against the capricious election of the paramount lien holder is said to be a "constant rule of equity founded in natural justice, and is recognized in every cultivated system of jurisprudence." 19 Ency. of Law, 1257.

In the case before us the act of the company in permitting the sale of the other rice, and electing to wait until that had passed into the hands of other parties and then elect to proceed against the 121 sacks levied on by Wolfe smacks of inexcusible caprice, and if established will give Wolfe the first right to the sacks in controversy if they are shown to be the property of R. W. Banta. To this end he may introduce his proof of his debtor's ownership, and court erred in excluding it.

The other assignments are without merit.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*